IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-01747

RTP ROOFING CO.,

     Plaintiff,

v.

TRAVELERS COMPANIES, INC.,

     Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff RTP Roofing Co. ("Plaintiff"), through its attorneys, Daly & Black, P.C. and Gray LLC, respectfully submits the following Complaint and Jury Demand:

### INTRODUCTION

1. The Travelers Companies, Inc. ("Travelers" or "Defendant") insures thousands of homes and commercial buildings in Colorado.

2. Travelers has consistently and wrongly denied full payment when processing each and every insurance claim for hail loss on these properties.

3. As part of "hail alley," Colorado ranks second only to Texas for the total number of hail loss claims filed with insurers. Property owners in Colorado pay higher premiums than in other states for their insurance policies.

4. When hail or damaging storms strike, roofing contractors are engaged by insureds (homeowners, commercial building owners, and HOAs) to complete roofing work for hail damage.

1

5. In most cases, roofing contractors work with the property owner's insurer, like Travelers, to determine the scope of work that is covered by the property owner's policy, and the amount the insurance company must pay the contractor for the roofing work to be performed.

6. When processing claims for hail damage, Travelers purposefully denies payments for benefits that are covered under the building owners' policies.

7. In particular, Travelers consistently and without exception denies payment for labor for removing roofing material.

8. The roofing contractors suffer the economic damage, since the building owners are only asked to contribute their deductible towards the cost of roofing work.

9. As part of the roofing work following a damaging storm, experienced and skilled roofing contractors must remove and replace damaged roofing materials.

10. Roofing contractors hire crews of skilled workers who navigate dangerous work areas of 30 or more feet off the ground. Roofers suffer injuries and die at significantly higher rates than other construction workers because of the inherent risk of this work.

11. Roofers also must learn and apply precise and careful skills specific to working with roofing material, particularly at dangerous heights.

12. They are specialized laborers retained specifically for roofing work. They carefully traverse a roof 30-plus feet off the ground, using cables and harnesses, avoiding damaging the unaffected portions of the roof, and knowing how to work with a variety of roofing materials as part of a delicate and precise process.

13. Contractors pay roofers the same higher wage, compared to typical construction or demolition work, regardless of whether they are removing roofing material or installing it, since removal requires the exact same skill as installing it.

14. Contractors must also pay higher workers compensation premiums for roofing labor.

15. However, Travelers does not pay roofing contractors for skilled roofing labor when the labor is designated as <u>removal</u> by its estimating software, called Xactimate. Instead, Travelers pays a significantly lower labor rate that is applicable to general demolition, like carrying trash to the garbage after a wall is knocked down.

16. Notably, Travelers pays a higher roofing labor rate for roofing material <u>installation</u>.

17. The same workers, requiring the same skills and faced with the same risk, perform both installation and removal of roofing material. The roofing contractors pay the workers the same higher wages (and pay for the same increased workers compensation benefits) for both installation and removal.

18. There is no reasonable basis for denying roofing contractors payment for the labor to remove roofing material.

19. This unreasonable denial is actionable under Colorado's bad faith law.

## COLORADO BAD FAITH LAW

20. Under Colorado law, C.R.S. 10-3-1115 and 1116, a plaintiff in a first-party insurance case claiming that the insurance company unreasonably delayed or denied payment of benefits can recover double damages, costs and attorney fees.

21. Specifically, the bad faith statute provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." C.R.S.10-3-1115(1)(a).

3

22. Under C.R.S. §10-3-1115 and Colorado case law, the party with standing needs neither a contractual relationship with the insurance company nor an assignment of claims to bring a statutory bad faith claim as a "first-party claimant."

23. Accordingly, claims for statutory bad faith may be brought by an insured's contractor.

## JURISDICTION AND VENUE

24. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because (i) at least one member of the class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of costs and interests, and (iii) none of the exceptions under that section applies to this action.

25. Colorado typically sees over 150,000 homeowner hail loss claims every year.

26. Travelers benefits from a 6.5% market share of residential insurance policies and 6.2% market share of commercial insurance policies in Colorado.

27. An average residential roof size in Colorado is approximately 2,100 square feet (or 21 100-square foot "squares").

28. Travelers includes in its estimates a labor rate for removal of roofing material that is approximately (and in some cases more than) $75 per square less than the skilled roofing labor rate.

29. Assuming even just a quarter of the over 250,000 residential roofs require complete replacement when they sustain hail damage, and not including a single commercial property covered by Travelers (which are treated the same way as residential property claims), Plaintiff and the class may recover damages of over $12 million based on Traveler's failure to pay for roofing material removal labor in a two-year class period for residential properties alone.

Based on information available, Plaintiff believes that the damages are significantly higher when commercial property claims are included.

30. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and under 18 U.S.C. §1965(a) because Defendant transacts business or is otherwise found in this district.

## PARTIES

31. Plaintiff RTP Roofing is a Colorado corporation with a principal office street address of 4011 S Federal Boulevard, Sheridan, Colorado 80110.

32. Plaintiff is a citizen of Colorado.

33. Defendant Travelers is a publicly-traded Delaware corporation with its principal office at 485 Lexington Avenue, New York, NY 10017-2630.

34. Travelers is not a citizen of Colorado.

## FACTUAL ALLEGATIONS

35. In the last two years, Plaintiff has done roofing work stemming from claims for hail damage on properties covered by Travelers insurance policies.

36. In uniform fashion, Travelers unreasonably denied payment for roofing labor for removal of roofing materials and instead paid the much lower demolition labor rate.

37. Travelers uses a construction estimating software called Xactimate, the leading estimating software for construction, and in particular roofing work.

38. The Xactimate program contains default labor rates for specific categories of work.

39. In particular, when roofing material <u>installation</u> or <u>replacement</u> is selected as the category of work, Xactimate defaults to the roofer labor rate; specifically, it auto-populates the rate for skilled roofing labor.

40. By contrast, when roofing material <u>removal</u> is selected as the category of work, Xactimate defaults to the demolition labor rate, auto-populating the rate for general demolition labor.

41. A lower demolition rate is the default rate for roofing material removal labor even though the same workers who perform the installation also perform the removal, using the same specialized roofing skills, encountering the same dangers, and commanding the same elevated wages.

42. Below is a screenshot of the Xactimate program's default labor rates, showing that demolition labor (DMO) is used for removal, but skilled roofing labor (RFG) is used for replacement of roofing material:



43. In every single roofing claim for hail damage, Travelers unreasonably uses the default demolition rate for roofing material removal in its estimates, denying contractors payment for the difference between the skilled roofing labor rate and the demolition labor rate.

44. There is no reasonable basis for denying payment for skilled roofing labor.

45. For example, Plaintiff performed roofing work for hail loss for a property in Castle Rock, Colorado with a date of loss of June 6, 2019 ("Castle Rock Claim").

46. Travelers provided its estimate of covered work for the Castle Rock Claim on July 4, 2019.

47. Travelers's estimate contained the following line item for roofing material removal:



48. For 17.92 SQ (or "squares"), Travelers agreed to pay a total $935.07, with a demolition labor rate of $52.18 per square.

49. The skilled roofing labor rate for removing roofing material would have been $166.81 per square in Castle Rock on the date of the estimate.

50. Accordingly, the total payment to Plaintiff for removal of 17.92 squares of roofing material, which Travelers admitted was a covered benefit, should have been $2,989.24.

51. Therefore, **Plaintiff was denied a total of $2,054.17** for the Castle Rock Claim.

52. Similarly, Plaintiff performed roofing work for hail loss for a property in Parker, Colorado with a date of loss of July 21, 2019 ("Parker Claim").

53. Travelers provided its estimate of covered work for the Parker Claim on September 4, 2019.

54. Travelers's estimate contained the following line item for roofing material removal:

2. Tear off, haul and dispose of comp. shingles - 28.33 (27.71) SQ    56.85    0.00    1,575.31    (0.00)    1,575.31

55. For 27.71 squares, Travelers agreed to pay a total $1,575.31, with a demolition labor rate of $56.85 per square.

56. The skilled roofing rate for removing roofing material would have been $166.81 per square in Parker on the date of the estimate.

57. Accordingly, the total payment to Plaintiff for removal of 27.71 squares of roofing material, which Travelers admitted was a covered benefit, should have been $4,622.31.

58. Therefore, **Plaintiff was denied a total of $3,047.00** for the Parker Claim.

59. Similarly, Plaintiff performed roofing work for hail loss for a property in Denver, Colorado with a date of loss of July 4, 2019 ("Denver Claim").

60. Travelers provided its estimate of covered work for the Denver Claim on July 1, 2020.

61. Travelers's estimate contained the following line item for roofing material removal:

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 3. Remove Laminated - comp. shingle rfg. - w/ felt | 14.04 SQ | 57.68 | 0.00 | 809.83 | NA | NA | NA | (0.00) | 809.83 |

62. For 14.04 squares, Travelers agreed to pay a total $809.83, with a demolition labor rate of $57.68 per square.

63. The skilled roofing labor rate for removing roofing material would have been $182.62 per square in Denver on the date of the estimate.

64. Accordingly, the total payment to Plaintiff for removal of 14.04 squares of roofing material, which Travelers admitted was a covered benefit, should have been $2,563.98.

65. Therefore, **Plaintiff was denied a total of $1,754.15** for the Denver Claim.

## CLASS ACTION ALLEGATIONS

66. Plaintiff realleges and incorporates by reference all prior allegations of this Complaint as if fully set forth herein.

67. Plaintiff seeks certification of a Class as defined below, pursuant to Fed. R. Civ. P. 23:

8

> All persons or entities who performed roofing work in Colorado pursuant to a claim for covered roof damage under a Travelers insurance policy, and were denied proper roofing removal payments by Travelers in the period of June 25, 2019, to the present.
>
> i. Excluded from the Class are (i) any judge(s) presiding over this action and members of their families; (ii) Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Travelers or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and timely request exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

68. **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but upon information or belief, there are hundreds of contractors who have done roofing work in Colorado pursuant to Travelers insurance policies. Members of the Class can be identified through Travelers's records.

69. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members.

These common questions include but are not limited to:

i. Whether Travelers denied payment for skilled roofing labor for roofing material removal.

ii. Whether Travelers' denial of payment for skilled roofing labor for roofing material labor was unreasonable.

9

      iii. Whether Travelers was unjustly enriched.

      iv. Whether Plaintiff is entitled to injunctive relief.

      v. Whether Plaintiff and the Classes are entitled to damages.

      vi. Whether Plaintiff and the Classes are entitled to any other relief.

70. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Travelers's uniform, wrongful conduct in denying payment for roofing material removal labor.

71. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest in conflict to those of the Class and Travelers has no defenses unique to Plaintiff.

72. **Appropriateness**: The class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Travelers's wrongful conduct. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Travelers's unlawful practices. Even if Class members could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision

by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

73. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Travelers has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole. Travelers's practices challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these practices hinges on Travelers's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

74. Plaintiff reserves the right to revise the Class definition based on information learned through discovery.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## VIOLATION OF C.R.S. 10-3-1115 AND 1116
### (On behalf of Plaintiff and the Class)

75. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

76. At all times pertinent hereto, the following Colorado statute was in effect:

**10-3-1115. Improper denial of claims – prohibited – definitions – severability.**

77. (1) (a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

78. C.R.S. §10-3-1116 provides a remedy for such denial or delay of payments in the form of "reasonable attorney fees, court costs, and two times the covered benefit."

79. Under C.R.S. §10-3-1115 and Colorado law interpreting this statute, "on behalf of any first-party claimant" includes claims brought by an insured's contractor.

80. Travelers unreasonably delayed or denied payment of insurance benefits by:

11

   (1) failing to provide or delaying the payment of the reasonable, necessary, and actual funds to remove portions of damaged roof systems, where such removal is admittedly a covered benefit;

   (2) engaging in additional acts and omissions that may be discovered in the course of litigation.

81. Travelers unreasonably denied and delayed payment in violation of C.R.S. §10-3-1115.

82. Travelers is subject to the provisions of C.R.S. §10-3-1116 for double damages, court costs, and attorney fees.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (On behalf of Plaintiff and the Class)

83. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

84. Travelers received the benefit of the difference between the skilled roofing labor and demolition labor rates for roofing material removal labor.

85. Travelers's benefit was at the expense of Plaintiff and the Class.

86. It would be unjust for Travelers to retain that benefit.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENTAND INJUNCTIVE RELIEF
### (On behalf of Plaintiff and the Class)

87. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

88. Travelers's practice of failing to pay for skilled roofing labor for roofing material removal, and instead paying the lower demolition labor rate, is an unreasonable denial of a covered benefit and is a violation of C.R.S. 10-3-1115 and 1116, as discussed above.

89. Plaintiff seeks a declaratory judgment that Travelers's practice of denying payment to contractors for skilled roofing labor is a violation of Colorado state law, C.R.S. 10-3-1115 and 1116.

90. Plaintiff seeks a permanent injunction enjoining Travelers from continuing to engage in the unlawful practice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief against Travelers as follows:

a. Certifying this case as a class action, designating Plaintiff as Class Representative and his attorneys as Class Counsel;

b. Double damages, court costs, and reasonable attorney fees incurred in prosecuting this action pursuant to C.R.S. §10-3-1116;

c. An award of pre- and post-judgment interest;

d. Costs and expenses;

e. A declaratory judgment that Travelers's failure to pay is unlawful;

f. Equitable and injunctive relief to Plaintiff and the Class, including a permanent injunction, restitution, disgorgement, and an accounting of all revenue gained by Travelers through its unlawful conduct; and

g. Such other and further relief as this Court may deem just, equitable or proper.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN.**

[Signatures on following page.]

Respectfully submitted June 23, 2021.


s/ Richard D. Daly
*Richard D. Daly*
Daly & Black, P.C.
John Scott Black
2211 Norfolk Street, Suite 800
Houston, TX 77098
Telephone: (713) 655-1405
Email:  rdaly@dalyblack.com
            jblack@dalyblack.com

and

/s/ William C. Gray
*William C. Gray*
Gray LLC
Nathalie E. Sar
17 N. State St., Suite 1600
Chicago, IL 60602
Tel: 312.967.3653
Email:  bgray@grayllclaw.com
            nsar@grayllclaw.com

*Attorneys for Plaintiff*