IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-01747-CMA-KLM

RTP ROOFING CO,

    Plaintiff,

v.

TRAVELERS COMPANIES, INC.,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the July 22, 2022 Recommendation of United States Magistrate Judge (Doc. # 52), wherein Magistrate Judge Kristen L. Mix recommends this Court grant Defendant's Motion to Dismiss (Doc. # 32) and dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of constitutional standing. Plaintiff RTP Roofing Co ("RTP") and Defendant Travelers Companies, Inc. ("Travelers") each timely filed objections to the Recommendation. (Doc. ## 54, 55.) For the following reasons, the Court overrules both objections, affirms and adopts the Recommendation, grants Defendant's Motion to Dismiss, and dismisses this action without prejudice for lack of subject matter jurisdiction.

## I.     BACKGROUND

This case arises from a dispute concerning the labor rate on estimates for roofing work on property insurance claims.[1] (Doc. # 19 at ¶¶ 4–8.) Plaintiff RTP is a roofing contractor based in Colorado with over 27 years of experience, and Defendant Travelers is an insurance company that insures thousands of homes in Colorado. (*Id.* at ¶¶ 7, 18, 23.) RTP states that it has frequently performed work for Travelers insureds over at least the past 10 years. (*Id.* at ¶ 24.)

In repairing or replacing damaged roofs, contractors must "tear off" the existing roof and replace it with new roofing material. (*Id.* at ¶ 6.) Because this work requires the same skill as installing roofing materials, tear-off is performed by roofers as opposed to laborers or other, less skilled workers. (*Id.*) However, Travelers pays a lower "demolition rate," as opposed to a roofing labor rate, for tear-off of roofing materials. (*Id.* at ¶ 8.) RTP alleges that it has addressed Travelers about its failure to pay the roofing rate for tear-off "multiple times"; however, Travelers has informed RTP each time that it does not pay the roofing rate for tear-off for anyone, under any circumstances. (*Id.* at ¶ 25.) As a result, RTP and other roofing contractors have stopped including the roofing labor rate for tear-off on their own estimates when performing work for Travelers insureds because they believe including the roofing rate would be futile. (*Id.* at ¶ 26.)

---

[1] This action is one of several putative class actions filed in this District concerning the same dispute over labor rates for roofing work. *See Advanced Exteriors, Inc. v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:21-cv-01539-PAB-STV (D. Colo.); *Advanced Exteriors, Inc. v. Liberty Mut. Grp., Inc.*, No. 1:21-cv-01814-WJM-MDB (D. Colo.); *RTP Roofing Co. v. State Farm Fire & Cas. Co.*, No. 1:21-cv-01816-CNS-SKC (D. Colo.); *Advanced Exteriors, Inc. v. United Servs. Auto. Ass'n*, No. 1:21-cv-01817-WJM-MDB (D. Colo.).

Travelers uses Xactimate, an industry-wide estimating program, to create its repair estimates. (*Id.* at ¶ 27.) In its Amended Complaint, RTP includes a screenshot of the program to illustrate that when a removal task is added as a line item in creating an estimate, the program defaults to a "demolition labor" rate. (*Id.* at ¶ 28.) When a replacement task is selected, the program typically defaults to a trade labor rate. (*Id.*) Xactimate allows the user to select a different labor rate. (*Id.* at ¶ 29.)

RTP identifies three examples of insurance claims where Travelers paid the demolition rate instead of the roofing labor rate for tear-off. (*Id.* at ¶¶ 31–44.) For each example, both RTP and Travelers estimated the labor costs for the removal using the same or nearly identical lower demolition rate. (Doc. # 32 at 13.) RTP does not allege that it requested the roofing rate for tear-off in any of these three examples.

RTP asserts three claims on behalf of itself and seeks to certify a class of other roofing contractors that performed work for Travelers and were paid the demolition rate instead of the roofing rate for tear-off. In its Amended Complaint, RTP brings claims for: (1) statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 and -1116; (2) unjust enrichment; and (3) declaratory judgment and injunctive relief. (Doc. # 19 at ¶¶ 54–68.)

Travelers filed its Motion to Dismiss on December 15, 2021. (Doc. # 32.) Therein, Travelers moves to dismiss this case pursuant to (1) Fed. R. Civ. P. 12(b)(1) for lack of standing under Article III; (2) Fed. R. Civ. P. 12(b)(6) for failure to state a claim; and (3) Fed. R. Civ. P. 12(b)(7) for failure to join required parties. This Court referred the motion to Judge Mix (Doc. # 34), who issued the instant Recommendation on July 22, 2022 (Doc. #

52). Judge Mix recommends granting the Motion to Dismiss pursuant to Rule 12(b)(1) and dismissing the case without prejudice for lack of standing.

Both parties timely filed objections in this case. RTP objects to the Recommendation on several grounds and argues primarily that it does have constitutional standing to bring this case. (Doc. # 55 at 2.) Travelers, on the other hand, partially objects and argues that the Court should grant the Motion the Dismiss on several additional grounds and dismiss the case **with** prejudice for failure to state a claim pursuant to Rule 12(b)(6). (Doc. # 54 at 1.) Each party timely filed a response to the other's objection. (Doc. ## 56, 57.)

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

4

### B.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion generally takes one of two forms: a facial attack or a factual attack. *See Cunningham v. Univ. of N.M. Bd. of Regents*, 531 F. App'x 909, 914 (10th Cir. 2013). A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack, the Court must accept the allegations in the complaint as true. *Id.* By contrast, a factual attack "may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.*; *see also New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) ("A Rule 12(b)(1) motion can challenge the substance of a complaint's jurisdictional allegations in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court."). Thus, in reviewing a factual attack, as in the instant case, the district court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule (12)(b)(1)." *Holt*, 46 F.3d at 1002.

### C.  STANDING

Article III restricts federal courts to deciding "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. In order for this Court to have jurisdiction, RTP must demonstrate that it has standing to bring suit under Article III. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, RTP must allege that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be

redressed by a favorable judicial decision." *Id.* As the party invoking federal jurisdiction, RTP bears the burden of establishing these elements and must clearly allege facts demonstrating each element. *Id.* Further, RTP must demonstrate standing separately for each claim it asserts. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

The "[f]irst and foremost" of standing's three elements is "injury in fact." *Spokeo*, 578 U.S. at 338 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). To establish injury in fact, a plaintiff must show that it suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). To be concrete, an injury "must actually exist." *Spokeo*, 578 U.S. at 340. For prospective injunctive relief, a plaintiff must be suffering a continuing injury or be under real and immediate threat of being injured in the future. *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). An alleged future injury is sufficiently imminent "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quotations omitted). For retrospective relief, the plaintiff "satisfies the 'injury in fact' requirement if [it] suffered a past injury that is concrete and particularized." *Tandy*, 380 F.3d at 1284.

### III. DISCUSSION

#### A. THE RECOMMENDATION

In her Recommendation, Judge Mix first determined that RTP has failed to show that it suffered an injury in fact and therefore lacks standing to seek monetary damages. (Doc. # 52 at 8–9.) Judge Mix noted that she agrees with District Judge William J.

6

Martínez's recent analysis regarding a motion to dismiss RTP's similar claims in another lawsuit against a different insurance company. *See RTP Roofing Co. v. State Farm Fire & Cas. Co.*, No. 21-cv-01816-WJM-SKC, 2022 WL 2064931 (D. Colo. June 8, 2022). In that case, Judge Martínez similarly concluded that RTP lacked standing and dismissed its claims pursuant to Rule 12(b)(1).[2] *Id.* at *5. Judge Mix found it significant that RTP had been "paid in full" in that Travelers paid RTP the amount requested in RTP's estimates on the three example insurance claims because RTP used the demolition rate, rather than the roofing rate, in its own estimates. (Doc. # 52 at 8.) Accordingly, the alleged injury appeared to be that "[Travelers] should have somehow divined that [RTP] in fact wanted a higher payment than it requested." (*Id.*) With all of the evidence indicating that Travelers paid RTP for all estimated costs on relevant claims, Judge Mix concluded that RTP failed to show injury-in-fact and therefore lacks standing. (*Id.* at 9.)

Next, Judge Mix determined that RTP lacks standing to seek declaratory and injunctive relief because RTP's asserted future injuries are too speculative to be "certainly impending" for the purposes of establishing standing. (*Id.*) Judge Mix noted that RTP currently estimates its costs and charges customers for tear-off work using the demolition rate, and RTP does not allege that it intends to use the roofing labor rate for estimating the costs of tear-off of roofing material in the future. (*Id.* at 10.) As such, any allegation that RTP would be injured by Travelers refusing to pay the roofing rate in the future is

---

[2] In another similar case concerning the tear-off rate dispute, Chief District Judge Philip A. Brimmer recently granted the defendant's insurance company's Motion to Dismiss on the basis that the plaintiff roofing company lacked prudential standing to bring its statutory bad faith claim. *See Advanced Exteriors, Inc. v. Allstate Vehicle & Prop. Ins. Co.*, No. 21-cv-01539-PAB-STV, 2022 WL 3577260 (D. Colo. Aug. 19, 2022).

7

speculative at best. (*Id.*) For these reasons, Judge Mix recommends dismissing all of RTP's claims without prejudice for lack of standing under Article III.[3]

**B.     RTP'S OBJECTION**

RTP objects to the Recommendation that this case should be dismissed for lack of standing on the grounds that the Recommendation (1) "mischaracterizes [RTP]'s alleged injury—a loss of revenue caused by [Travelers]'s arbitrary use of a lower labor rate—for purposes of the standing analysis"; (2) improperly concludes that RTP's injury is speculative or hypothetical; and (3) "improperly focuses on [RTP]'s 'costs' and failure to 'contest' [Travelers]'s use of the improper labor rate."[4] (Doc. # 55 at 2.)

First, RTP takes issue with Judge Mix's following description of RTP's alleged injury: "Plaintiff has alleged that it has suffered an injury in fact because Plaintiff pays its roofers the same wage for both installation and tear-off work, while Defendant pays only the lower demolition rate for tear-off rather than the standard roofing rate." (Doc. # 52 at 7.) RTP argues that its injury is actually a "loss of revenue injury resulting from Defendant's unreasonable use of Xactimate to generate the estimates that Defendant uses to determine what it pays for roof replacement." (Doc. # 55 at 2.) However, RTP did

---

[3] Judge Mix also recommends, in the alternative, dismissing RTP's statutory bad faith claim without prejudice pursuant to Rule 12(b)(6) on the basis that RTP is not a first-party claimant as required by the statute. (Doc. # 52 at 11–15.)

[4] RTP also objects that the Recommendation "(4) mischarecterizes [sic] Plaintiff's allegation of unreasonableness; and (5) misapplies the applicable law in analyzing whether Plaintiff is a 'first party claimant' under the [bad faith] Statute." (Doc. # 55 at 2.) Because these objections concern Judge Mix's alternate grounds for recommending dismissal of the statutory bad faith claim, and because the Court finds the standing issue dispositive in that the Court lacks subject matter jurisdiction over this action, the Court need not address the merits of RTP's claims or Judge Mix's related analysis.

not raise this argument before Judge Mix in its Response to the Motion to Dismiss. *See generally* (Doc. # 37.) Rather, RTP stated—as Judge Mix accurately summarized—that "RTP alleges that it was injured because it pays its roofers **the same wage** whether they are tearing off or installing roofing materials, but Travelers—in adjusting Colorado insureds' claims—estimates and pays **a lower labor rate** for tear-off of roofing material than it does for installation." (*Id.* at ¶ 23.) The Court therefore finds no merit in RTP's objection that Judge Mix "mischaracterized" RTP's alleged injury.

Moreover, RTP is not entitled to raise a new theory of alleged injury for the first time in its objection before this Court. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). RTP mentioned Xactimate only one time in its Response, and that single reference was made in the context of disputing one of Travelers's Rule 12(b)(6) arguments. (Doc. # 37 at ¶ 50.) Because RTP did not present its arguments relating to Xactimate and loss of revenue injury before Judge Mix, those arguments are waived and need not be considered. *See Marshall*, 75 F.3d at 1426; *see also Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) ("Allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." (brackets, quotation, and citation omitted)). Even if the Court were to consider RTP's "loss of revenue" theory, RTP still has not demonstrated that it suffered any concrete injury that is fairly traceable to Travelers. Rather, the well-pleaded allegations show that Travelers paid the rate estimated by RTP for each example roofing

9

claim. RTP's *preference* for a different rate—which is not included in its own estimates for roofing work—does not establish a concrete "loss of revenue" injury caused by Travelers.

RTP also objects that Judge Mix's Recommendation "improperly focuses on [RTP]'s 'costs' and failure to 'contest' [Travelers]'s use of the improper labor rate." (Doc. # 55 at 8.) Specifically, RTP argues that Judge Mix should not have relied on RTP's own estimates using the demolition rate to conclude that RTP was "paid in full" for each of the three example claims listed in the Amended Complaint. (Doc. # 55 at 8.) RTP contends that its estimates "are the product of dealing with insurance companies" like Travelers, and that its use of the demolition rate, rather than the roofing labor rate, in preparing those estimates is a result of believing that it would be futile to do otherwise. (*Id.*) The Court is unpersuaded that Judge Mix erred by relying on RTP's own allegations that it includes the demolition rate in its estimates and was fully paid for those estimates. Reviewing the Amended Complaint and the relevant briefing *de novo*, the Court agrees that RTP's allegations that it was compensated for its estimated work do not show "concrete harm." Without evidence, or even non-conclusory allegations, that Travelers had any obligation to pay a higher rate and that it unreasonably denied or delayed doing so, there is nothing to indicate that RTP has suffered an injury in fact by Travelers compensating its insureds at RTP's own estimated demolition rate for tear-off.

Having carefully reviewed the issue *de novo*, the Court concludes that RTP lacks standing because it has not demonstrated that it suffered an injury in fact. Accordingly, RTP's objection (Doc. # 55) is overruled, and the case must be dismissed for lack of subject matter jurisdiction.

### C. TRAVELERS'S PARTIAL OBJECTION

Travelers timely filed a partial objection asking the Court to (1) dismiss the Amended Complaint under Rule 12(b)(6) **with prejudice**; (2) grant Travelers's Rule 12(b)(6) motion to dismiss on additional grounds that were not addressed in the Recommendation; and (3) grant Travelers's motion to dismiss under Rule 12(b)(7) for failure to join required parties. (Doc. # 54 at 1.) Although Travelers "recognizes that the Court may not need to reach every issue raised," Travelers "wishes to ensure that it does not waive any of its positions for purposes of any future proceedings in this Court and on any appeal." (*Id.* at 1–2.)

"Because constitutional standing is necessary to the court's jurisdiction, as a general rule it must be addressed before proceeding to the merits." *Carolina Cas. Ins. Co. v. Pinnacol Assur.*, 425 F.3d 921, 926 (10th Cir. 2005); *cf. Steel Co.*, 523 U.S. at 96–97, 97 n.2 (noting that a court can dismiss a claim for lack of statutory standing without first addressing constitutional standing). Travelers acknowledges as much in a footnote in its partial objection. *See* (Doc. # 54 at 2 n.1.) This aligns with well-established precedent that "[w]ithout jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006) ("[O]nce a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim."). Because the Court concludes that RTP lacks

11

constitutional standing and this case must therefore be dismissed for lack of subject matter jurisdiction, the Court need not evaluate and does not consider the parties' remaining arguments relating to whether RTP failed to state a claim for relief under Rule 12(b)(6) or failed to join a required party under Rule 12(b)(7). Moreover, Travelers's request that the Court dismiss this case **with** prejudice is inappropriate because "where the district court dismisses for lack of jurisdiction . . . the dismissal must be **without** prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216–17 (10th Cir. 2006) (emphasis added). For these reasons, Travelers's partial objection (Doc. # 54) is overruled.

D. **LEAVE TO AMEND**[5]

On January 10, 2022, after RTP filed its Response to the Motion to Dismiss, RTP filed a "Motion for Leave to Replead in the Event the Court Does Not Deny Defendant's Motion to Dismiss the First Amended Complaint." (Doc. # 38.) At a status conference on February 4, 2022, after briefing on the instant Motion to Dismiss had concluded, Judge Mix ordered that RTP's Motion for Leave to Replead be stricken for failure to comply with the local rule that requires attaching a proposed amended complaint. (Doc. # 46.) Further, Judge Mix rejected RTP's attempts to preemptively secure an opportunity to "replead" in the event of dismissal. She explained:

> [T]hat kind of thinking is not going to be endorsed by the Court, because what you're essentially requiring the Court to do is to expend resources to

---

[5] The Tenth Circuit has noted that "the denial of leave to amend and dismissal with prejudice are two separate concepts." *Brereton*, 434 F.3d at 1219. While a dismissal for lack of standing must be without prejudice, the Court may still determine that granting leave to amend would be futile. *Id.* (holding that a dismissal for lack of standing must be without prejudice, but affirming the district court's denial of leave to amend on the basis that the complaint could not be amended to establish standing); *see Hutchinson v. Pfeil*, 211 F.3d 515, 519, 523 (10th Cir. 2000) (affirming district court's denial of leave to amend to add state law claims on futility grounds, while also affirming dismissal without prejudice of entire action for lack of standing).

> rule on the motion to dismiss to point out what problems with the current version of the amended complaint are and to make legal rulings with respect to the current version of the amended complaint. Then based on those legal rulings, you want the opportunity to amend further the amended complaint. That's not the way it's going to work in this case. You have to make your decisions based on your reading of the motion to dismiss as to whether at this juncture it would be appropriate for the plaintiff to move to amend the complaint.

(Doc. # 53 at 7–8.) Instead of offering a future chance to "replead," Judge Mix offered RTP the opportunity to file another motion for leave to amend on or before February 18, 2022, based on the arguments and deficiencies identified in the Motion to Dismiss. (Doc. # 46.) She warned RTP that it would be fair to assume that it would be the last opportunity RTP would receive to file a motion for leave to amend. (Doc. # 53 at 10.) RTP failed to file a motion for leave to amend, and the time to do so expired.

Under these circumstances, the Court finds that allowing RTP another opportunity to amend is not warranted, especially in light of the fact that it failed to do so when given the opportunity to do so months ago. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "undue delay," "repeated failure to cure deficiencies by amendments previously allowed," and "futility of amendment" as reasons to deny opportunity to amend). "Cases are not to be litigated piecemeal. The court should not have to address repeated 'improvements' to the complaint. When a party faces a motion to dismiss and it believes that it can overcome objections with an amendment to the pleading, it should seek leave to amend at that time." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020); *see also Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) ("Where a plaintiff does not move for permission to amend the complaint, the district court commits

13

no error by not granting such leave."). Moreover, the Court finds that it would be futile for RTP to amend the complaint because the allegations of the underlying dispute and related evidence do not support any indication of concrete injury fairly traceable to Travelers. *See Brereton*, 434 F.3d at 1219 (upholding district court's denial of leave to amend on futility grounds but reversing and remanding in order for the dismissal for lack of standing to be without prejudice).

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendant's Partial Objection to Recommendation of United States Magistrate Judge (Doc. # 54) and Plaintiff's Objections to the Court's Recommendation (Doc. # 55) are OVERRULED;

- the July 22, 2022 Recommendation of United States Magistrate Judge (Doc. # 52) is AFFIRMED and ADOPTED as an Order of this Court;

- Defendant's Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. # 32) is GRANTED;

- and this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

- The Clerk of Court is directed to close this case.

DATED: August 25, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge

14